IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AIDIGITAL OPERATING LLC <br><br> Plaintiff. <br><br> v. <br><br> KYLE KUCHERA, NOAH HELD, MICHAEL BURNS, MAVERN MEDIA LLC, AND KUCHERA/HELD LLC <br><br> Defendants. | Civil Action No. 23-cv-11076 <br><br> <u>**ORDER ON CONSENT ENJOINING DEFENDANTS**</u> |

**THIS MATTER** having been opened to the Court by Lowenstein Sandler LLP, attorneys for Plaintiff AiDigital Operating LLC ("AiDigital" or "Plaintiff"), upon motion for a preliminary injunction, and upon the Court's Temporary Restraining Order, Order to Show Cause, and Order for Expedited Discovery entered on January 19, 2024, and Defendants Kyle Kuchera ("Kuchera"), Noah Held ("Held"), Michael Burns ("Burns"), Mavern Media ("Mavern"), and Kuchera/Held LLC having consented to the entry of this Order, and after considering the joint letter-motion from Plaintiff and Defendants dated January 31, 2024, and after due deliberation and good and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED THAT:**

1.  The preliminary injunction hearing scheduled for February 29, 2024, shall be adjourned as moot.

2.  All the dates in the January 19, 2024 Order regarding the expedited discovery schedule shall be adjourned as moot. Defendants' deadline to answer or otherwise move with

regard to the First Amended Complaint will remain March 4, 2024, as provided in the Court's January 10, 2024 Order.

3. ~~A Rule 16 Conference with respect to setting a new discovery schedule shall be scheduled on ___ day of _____, 2024.~~

4. Defendants Kuchera and Held are enjoined from using or disclosing (whether in whole or in part, even if embodied only in a component part of a larger service): (i) AiDigital's client pitches and branding materials, including the LucidX curation sales pitch and overview decks, (ii) AiDigital's campaign process, (iii) access to PubMatic, Xandr, OpenX, and other platforms through AiDigital, (iv) the process to use PubMatic, Xandr, OpenX, and other data sets for programmatic curation, (v) the data sets for programmatic curation, (vi) the tools and features used to create data sets for programmatic curation, (vii) AiDigital customers for which the data sets are used, and (viii) the pricing between AiDigital, PubMatic, and the customers.

5. Defendants Kuchera and Held are prohibited from any direct or indirect involvement in Mavern, including any solicitation, contact, or communication with clients on Mavern's behalf. However, as the only exception to the prohibition on involvement with Mavern, Defendants Kuchera and Held may still receive compensation and distributions from Mavern.

6. Defendants Kuchera, Held, Burns, and Mavern, their agents, employees, and all persons acting in concert with them, are enjoined and restrained from using or disclosing any AiDigital documents, information, or materials of any kind, including materials that Mavern derived or created based on AiDigital materials. If Mavern plans to use marketing or pitch materials in the future, it must create new ones that are not based on AiDigital materials.

7. As provided in paragraph 1(d) of the January 19, 2024 Order, Defendants Kuchera, Held, and Burns must have their laptops forensically imaged and provide the files to Defendants'

counsel by February 9, 2024, subject to technical achievability, but no later than February 12, 2024 in any event.  Defense counsel shall search the imaged files for any AiDigital documents and shall turn over any such documents to Plaintiff's counsel.  Once this process is complete and the files have been provided to Plaintiff's counsel, Defendants shall delete the AiDigital files from their devices and provide a certification that the deletion has been completed.

8. Defendants Kuchera and Held must comply with all of the restrictive covenants of their respective employment agreements with AiDigital through December 23, 2024, including the Covenant Against Competition in paragraph 1, Covenant Against Solicitation of Clients in paragraph 2, Covenant Against Solicitation of Employees in paragraph 3, and the Non-Disclosure of Confidential Information in paragraph 4, of their respective Restrictive Covenants Agreements with AiDigital.

9. Mavern will deactivate, disable, and archive existing deals on PubMatic as of the date of the entry of this Order, and provide Plaintiff with monthly reports via affidavit under oath and penalty of perjury that show no revenue coming in from those existing deal IDs through the final resolution of this Action.  Defendants Kuchera, Held, and Burns will not access, review, or utilize the deactivated, disabled, and archived deals directly or indirectly in any manner, other than to furnish the monthly reports in compliance with this Order, including to create new deals. Mavern will continue to operate, under the terms set forth herein, and set up new deal IDs on PubMatic as of the date of the entry of this Order.

10. Defendants will deposit any revenue (including cash, cryptocurrency, or anything of value) received for PubMatic deals involving RTB House Inc. and Genius Sports Group, and any of their parent, subsidiaries, affiliates, in a segregated escrow account at Romano Law, or a mutually agreed upon institution, until a final resolution in this Action.  Defendants will provide

monthly reports via affidavit under oath and penalty of perjury showing the revenue received for PubMatic deals involving RTB House Inc. and Genius Sports Group.  Romano Law will appoint an escrow agent ("Escrow Agent") who shall provide monthly statements showing the amount in the escrow account, and shall do so by email to AiDigital's counsel within 10 days of the Escrow Agent's receipt of each bank statement.

11.     AiDigital reserves the right to seek further injunctive relief in the event that discovery shows additional injunctive relief is necessary, or in the event of Defendants' non-compliance with this Order.  Nothing in this order shall limit the relief sought by any party in connection with this Action.

A conference to set a new discovery schedule will be held on February 8, 2024, at 12:00 PM. The parties should dial in by calling: (646) 453-4442 and entering the Phone Conference ID: 566 408 727, followed by the pound (#) sign. The parties should file a proposed Civil Case Management Plan and Scheduling Order no later than February 6, 2024, at 5:00 PM. The parties shall use this Court's form Proposed Civil Case Management Plan and Scheduling Order, which is available at https://nysd.uscourts.gov/hon-arun-subramanian.

SO ORDERED at New York, New York, this 2nd day of February, 2024.

_____
Hon. Arun Subramanian, United States District Judge