

**Michael A. Kaplan**
Partner

1251 Avenue of the Americas
New York, New York 10020

**T**: (973) 597-2302
**F**: (973) 597-2303
**E**: mkaplan@lowenstein.com

July 16, 2024

**VIA ECF**

The Honorable Arun Subramanian, U.S.D.J.
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, New York 10007

**Re:     AiDigital Operating LLC v. Kyle Kuchera et al., Docket No. 23-cv-11076**
**Defendants' Trial Subpoenas**

Dear Judge Subramanian:

This law firm represents Plaintiff AiDigital Operating LLC ("AiDigital") in the above-referenced matter.  We write pursuant to Local Civil Rule 37.2 to request a pre-motion conference.  Though this is not a discovery issue, we intend to file a motion to quash trial subpoenas under Federal Rule of Civil Procedure ("Rule") 45, and Local Civil Rule 37.2 provides that we must request a pre-motion conference for motions under Rule 45.  Further, given the upcoming August 13, 2024 trial date, this matter needs to be addressed quickly.  AiDigital is available for the conference this Thursday, July 18 at 3 pm or later, this Friday, July 19 at any time, next Monday, July 22 at any time, next Tuesday, July 23 at any time, and next Wednesday, July 24 at any time.

Yesterday, Defendants Kyle Kuchera and Noah Held ("Defendants") provided us copies of three trial subpoenas they served (or are serving) on Ben Gordon, Max Starace, and Kyle Vidasolo.  Mr. Gordon and Mr. Starace are employees of AiDigital.  (*See* **Exhibits A-C**.)  Mr. Vidasolo is a former employee of Predictive Pop Inc., d/b/a Audigent, which is Mr. Kuchera and Mr. Held's prior employer.

We believe Defendants served these subpoenas for irrelevant and improper purposes, as none of these witnesses have knowledge relevant to the claims remaining in this case for breach of contract, breach of the duty of loyalty, and unjust enrichment.  Defendants have not deposed any of these individuals or subpoenaed them for documents.  None of these individuals have been mentioned in the documents or depositions as having knowledge regarding Defendants' breaches of their employment contracts or of their duty of loyalty to AiDigital.  Nor were any of these individuals mentioned in either expert report as having information relevant to damages in this case.  The trial subpoenas thus seem designed only to harass and to attempt to bring in irrelevant testimony.  They should be quashed given these individuals' lack of relevant knowledge. *See Koch v. Pechota*, No. 10-9152, 2013 WL 5996061, at *2 (S.D.N.Y. Nov. 8, 2013) (quashing subpoena under FRCP 45 where the witness had "no relevant knowledge to any issue" in the case).

---

Honorable Arun Subramanian, U.S.D.J.                               July 16, 2024
                                                                    Page 2

AiDigital met and conferred with Defendants regarding the trial subpoenas yesterday. Defendants initially stated that they intended to serve eleven trial subpoenas, but after conferring, narrowed the trial subpoenas to these three individuals. While Defendants indicated that each of these witnesses would be called to testify on a narrow topic or set of topics, they have not specified what relevant knowledge these witnesses have about which they will be testifying. If Defendants are permitted to call these witnesses, the parties may need to revise the current trial schedule as Defendants made no mention of calling additional witnesses when the parties agreed on the three-day trial estimate.

Thus, AiDigital requests a pre-motion conference with the Court to discuss the trial subpoenas and its anticipated motion to quash the subpoenas. We thank the Court in advance for its attention to this matter.

Respectfully submitted,

Michael A. Kaplan

cc:     All counsel of record via ECF


The Court will hold a conference on this matter on Monday, July 22, 2024, at 4:00 PM. The parties should join by dialing: +1 646-453-4442, 826846613#.

IN THE FUTURE, when requesting a conference, counsel should indicate the availability of BOTH PARTIES, not just their own availability, so as to avoid wasting the Court's time in trying to coordinate a time that works for both parties.

The Clerk of Court is directed to terminate the motion at Dkt. 124.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: July 16, 2024

